MANASSES LYLES *v.* D. MATHEWS AND WIFE.

**Executors and Administrators—Loaning Money of Estate.**

     An administrator will not be required to loan money out, when, because of litigation, he might be required to account for it at any time.

APPEAL FROM McCRACKEN CIRCUIT COURT.

April 22, 1873.

OPINION BY JUDGE PRYOR:

The history of this controversy shows that the administrator of Jacob Wafford saw proper, notwithstanding the opinion of this court, to pay off the heirs of Joseph Wafford their claims without any proof, or even affidavits of their correctness, as required by the statute. The claims for extra services allowed by the county court were properly rejected; also the $200 as attorney's fee; $175 had been properly allowed and the present judgment allows an additional $100. If the claims of the administrator and his attorneys are all directed to be paid the litigation would be productive of little good

to the heirs of Jacob Wafford, as such a result would indicate that it was instituted more for the benefit of the administrator and his attorney than those really interested. It is doubtful whether the $143, by which the administrator was credited on account of improper charges for rent, should have been allowed as such. There is nothing in the record showing that he is entitled to this credit, but inasmuch as this court had decided that the heirs of Joseph Wafford were entitled to $100, we are disposed to permit this, with the interest, to set-off this credit thus improperly allowed. We see no reason for reversing this case on the original appeal, but it is questionable whether it should not be reversed on the cross-appeal. The fact that the administrator succeeded in the litigation with Joseph Wafford's heirs, and managed the estate as he thought best, does not authorize this court to substitute him to the rights of the heirs of Jacob Wafford and give him what is left of the estate. The item of $17.00 clerk's fees was also properly rejected as the administrator had the right to collect this of Joseph Wafford's heirs. He should be charged with interest, and we think the date fixed by the court is just and equitable. The termination of the litigation was uncertain and we are not disposed to say in such a case that the administrator should be required to loan the money out when he might be required to account for it at any moment.

Judgment is *affirmed*.

*Husbands, for appellant.*

*Bullock, for appellees.*